■ COLONIAL PIPELINE COMPANY, Appellant, v. STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEW YORK, Respondent, and CITY OF NEW YORK, Intervenor-Respondent.— Appeal from an order of the Supreme Court at Special Term, entered April 9, 1971 in Albany County, which granted respondents' motion for an order directing that the place of trial be changed. Petitioner, a foreign corporation, owns certain pipelines under the streets and waters in Staten Island, Richmond County, used for the purpose of transmitting petroleum products. The State Board of Equalization and Assessment determined the 1970 assessment of this special franchise under the Real Property Tax Law. Petitioner seeks a review of this assessment pursuant to article 7 of this statute. By consent of the parties, the City of New York was permitted to intervene. Petitioner moved for summary judgment and respondents cross-moved for a change of place of trial to Richmond County, which was granted, with a direction that the papers in the pending motion for summary judgment be forwarded to the clerk of that county. The assessment of a special franchise is a function performed solely by the State Board of Equalization and Assessment (see, e.g., Real Property Tax Law, § 202, subd. 1; § 600, subd. 1; §§ 604, 608, 610, 612, 614), and this is so even though the specific locality is interested to the extent that its revenues are affected by the assessment. (See *Matter of Teleprompter Manhattan CATV Corp.* v. *State Bd. of Equalization & Assessment*, 34 A D 2d 1033.) The board's main office is located in Albany. Subdivision 1 of section 702 of the Real Property Tax Law provides: " A proceeding to review an assessment of real property under this article shall be brought at a special term of the supreme court in the judicial district in which the assessment to be reviewed was made." In view of this language, the proceeding had to be brought initially in a county within the Third Judicial District and consequently, Albany is a proper county. Subdivision 1 of section 744 of said law, however, provides that " Upon motion of either party the court may order the place of trial changed to the county in which the special franchise under review is situated". It is the clear intent of this statute to permit the court to transfer the proceeding to the county where the franchise is situated. There is nothing in the CPLR which mandates a contrary determination. We find no merit in appellant's contention that respondents have failed to meet the burden required under CPLR 510 for a change of venue. In our opinion, section 744 of the Real Property Tax Law controls, and since the franchise is located in Richmond County the respondents have met the burden to justify the court's exercise of its discretion in changing the place of trial to that county. Order affirmed, with costs. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.